**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OSVALDO ORTEGA-AMAYA,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**CASE NO. 2:15-CR-0061(2)
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 67.) He challenges his underlying criminal convictions after a jury trial on conspiracy to possess with the intent to distribute 500 grams or more of cocaine and possession with the intent to distribute 500 grams or more of cocaine. On August 14, 2015, the Court imposed a term of 60 months of imprisonment, to be followed by four years of supervised release. *Judgment* (ECF No. 52.) On January 9, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the *Judgment* of this Court. (ECF No. 65.)

Petitioner asserts that he was denied the effective assistance of counsel. On May 16, 2017, the Court granted the government's request to hold the case in abeyance pending Petitioner's submission of a written waiver of the attorney-client privilege as it relates to his allegations in these proceedings and directed Petitioner to submit the waiver within twenty-one (21) days, advising him that the failure to do so may result in the dismissal of this case. *Order* (ECF No. 70.) Petitioner failed to submit a waiver of his attorney-client privilege within the allotted time. On October 30, 2017, the Court again directed Petitioner to submit a written waiver of his attorney-client privilege as it relates to the allegations he raises in the *Motion to*

*Vacate under 28 U.S.C. § 2255* within fourteen (14) days or show cause why this action should not be dismissed for failure to prosecute. *Show Cause Order* (ECF No. 78.) On November 17, 2017, the Court *sua sponte* granted Petitioner an extension of time to December 1, 2017, to file a response. *Order* (ECF No. 80.) Still, to date, Petitioner has failed to submit a written waiver of his attorney-client privilege as it relates to his claim or to respond to the Court's order.

Therefore, the undersigned **RECOMMENDS** that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 67) be **DENIED** and that this action be **DISMISSED**.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE