# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

OSVALDO ORTEGA-AMAYA,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 2:17-cv-345
Crim. No. 2:15-cr-00061(2)
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. This matter is before the Court on the § 2255 motion and supplemental memoranda in support (ECF Nos. 67, 72, 85), Respondent's Return of Writ (ECF No. 88), and the parties' exhibits. For the reasons that follow, it is **RECOMMENDED** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel during plea negotiations and that Petitioner's remaining claim be **DISMISSED.**

**Facts and Procedural History**

Petitioner challenges his underlying convictions after a jury trial on conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), § 846. On August 14, 2015, the Court imposed an aggregate term of 60 months imprisonment. (ECF No. 51.) The United States Court of Appeals for the Sixth Circuit summarized the facts of this case as follows:

> The jury heard testimony that in late 2014, Ortega-Amaya met with Eluid Garcia-Ortega and Joel Gonzalez-Tinoco to learn more about his proposed role in their cocaine trafficking operation. Ortega-amaya initially rejected an invitation to join the operation, but later changed his mind. In February 2015, Ortega-Amaya

> participated in the purchase of approximately one kilogram of cocaine from the operation's supplier. He counted the money for the purchase with Garcia-Ortega, conducted the purchase in his home, and received instruction from Garcia-Ortega regarding how to inspect and weigh the cocaine at the buy. Ortega-Amaya handed the supplier $18,000 for the drugs and placed the cocaine in an upstairs closet. . . .
>
> On February 2, 2015, Jeffrey Feasel, a confidential informant who had been searched by federal officers, purchased approximately 500 grams of cocaine from members of the conspiracy. Feasel and Garcia-Ortega testified that Ortega-Amaya was present upstairs during the sale, ensured that Feasel was not followed, helped package Feasel's purchased cocaine, and returned the remaining cocaine to its hiding location. A search of Ortega-Amaya's home yielded 500 grams of cocaine from an upstairs closet.

(*Order*, ECF No. 65, PAGEID # 1208-09.) On January 9, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the Judgment of this Court. (*Id.*)

On April 24, 2017, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. He asserts that he was denied the effective assistance of counsel during plea negotiations and based on his attorney's improper advice regarding an appeal. Petitioner states that he wanted to enter a guilty plea and provide cooperation with the government, but his attorney forced him to proceed to trial and promised a not guilty verdict. Petitioner maintains that he did not have an adequate understanding of the proceedings. Petitioner also asserts that he forfeited his right to appeal because his attorney never discussed with him his right to appeal (ECF No. 67, PAGEID # 1216), and told him that if he filed an appeal, it would result in a higher sentence. (*Supplemental Memorandum Supporting Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 72, PAGEID # 1232.) It is the position of the Respondent that Petitioner's claims are without merit.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918

F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)) (internal citations omitted).

**Ineffective Assistance of Counsel**

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)

(citation omitted). The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). Strickland requires a petitioner claiming ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. 466 U.S. at 687. *See also Hale v. Davis*, 512 F. App'x 516, 520 (6th Cir.), *cert. denied sub nom. Hale v. Hoffner*, 134 S. Ct. 680 (2013). A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below an objective standard of reasonableness.'" *Poole v. MacLaren*, 547 F. App'x 749, 754 (6th Cir. 2013) (quoting *Davis v. Lafler,* 658 F.3d 525, 536 (6th Cir. 2011), *cert. denied*, 566 U.S. 947 (2012) (citing *Strickland*, 466 U.S. at 687)) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 122 (2014). To make such a showing, a petitioner must overcome the "strong [ ] presum[ption]" that his counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 687. "To avoid the warping effects of hindsight, [courts must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bigelow v. Haviland*, 576 F.3d 284, 287 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

A criminal defendant has the right to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citation omitted).

> The two-prong ineffective assistance of counsel analysis that the Supreme Court announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to claims that counsel's performance was constitutionally deficient during plea negotiations. *Hill*, 474 U.S. at 58, 106 S.Ct. 366, 88 L.Ed.2d 203. A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty. *Magana v. Hofbauer*, 263 F.3d 542, 547–48 (6th Cir. 2001) (citing *Turner v. Tennessee*, 858 F.2d 1201, 1206 (6th Cir.1988)). "A reasonable probability is a

> probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005).

> Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. at 163-64.

A substantial disparity between the plea offer and the potential sentence exposure constitutes strong evidence that it is reasonably probable a properly advised defendant would have accepted the guilty plea offer. *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) (evidentiary hearing warranted as to whether defendant would have pleaded guilty where attorney failed to convey plea offer of five years and defendant sentenced to 156 months) (citing *Magana v. Hofbauer*, 263 F.3d 542, 552–53 (6th Cir. 2001) (difference between ten and twenty year sentence significant); *United States v. Day*, 969 F.2d 39 (3d Cir. 1992) (ineffective assistance of counsel where counsel mistakenly advised the defendant he would receive ten, rather than twenty-two years, at sentencing and a plea offer of five years had been made); *United States v. Gordon*, 156 F.3d 376, 377–81 (2nd Cir. 1998) (disparity between ten-year sentence in plea offer and seventeen-and-a-half years the defendant received was objective evidence that a plea would have been accepted)).

An attorney's failure to insist that his client accept the government's plea offer due to overwhelming evidence of guilt, however, does not constitute constitutionally ineffective assistance. *Smith*, 348 F.3d at 552.

> The decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.

*Id*. The United States Court of Appeals for the Sixth Circuit has described the obligations of defense counsel as it relates to advice during the plea negotiations stage as follows:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Id*. at 553 (citing *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)).

The record reflects that, on February 22, 2015, after the filing of the Complaint charging Petitioner with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, the United States extended a pre-Indictment offer to defense counsel, Attorney Todd Barstow, that would have permitted Petitioner to plead guilty to the charge of conspiracy to possess with intent to distribute cocaine, avoid a mandatory minimum sentence, and "freeze[] his relevant conduct at just over 1.2 kilograms of cocaine, which is the amount that law enforcement seized from in and around his residence on February 2, 2015." (ECF No. 88-1, PAGEID # 1288.) Under the terms of that offer, Petitioner's recommended sentence under the advisory United States Sentencing Guidelines would have been between 30 and 37 months, and Petitioner retained the possibility of a further reduction in sentence upon providing substantial assistance. (PAGEID # 1288-94.) In an e-mail dated February 27, 2015, Attorney Barstow indicated that he had met with Petitioner and that Petitioner had no interest in entering a guilty plea. (ECF No.

6

88-2, PAGEID # 1296.) On March 5, 2015, Petitioner was charged by way of Indictment on one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and one count of possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), § 846. (ECF No. 15, PAGEID # 51-52.) On March 12, 2015, Attorney Robert F. Krapenc filed a Notice of Attorney Appearance. (ECF No. 22.) Thereafter, in an e-mail dated March 17, 2015, the prosecutor again extended the same plea offer. (ECF No. 88-3, PAGEID # 1299.) Respondent has submitted an Affidavit from Attorney Krapenc in response to Petitioner's allegations, which indicates that he "fully discussed the evidence with Mr. Ortega-Amaya" and counseled Petitioner "regarding the application of the sentencing guidelines, including the possible effects of acceptance of responsibility, and the 'safety valve' which would have allowed the Court to sentence [him] beneath the statutory minimum[,]" but that Petitioner protested his innocence and insisted on proceeding to trial. (*Affidavit*, ECF No. 88-4, PAGEID # 1307.)

> Prior to trial, the government extended a plea offer to a charge that did not carry a statutory mandatory-minimum sentence. I discussed that offer with Mr. Ortega-Amaya. Defendant indicated that he was factually innocent and wished to exercise his right to a jury trial.
>
> \*    \*    \*
>
> Mr. Ortega-Amaya insisted on his innocence and his right to a jury trial.

(*Id.*)

On April 20, 2015, prior to the start of trial, the prosecutor summarized the prior attempts at plea negotiations with the Petitioner:

> MR. MARTINEZ: By way of background the Defendant was indicted on two counts, conspiracy to possess with intent to distribute more than 500 grams of cocaine, and possession with intent to distribute more than 500 grams.

7

> The maximum penalties . . . is a mandatory minimum five years in prison up to 40 years, a fine of up to $5 million, a term of supervised release of four years up to life, and a special assessment of $100.
>
> On February the 22nd of 2015 . . . the United States extended a plea offer to the Defendant, through his counsel at the time. . . .
>
> We re-extended that offer on March 5th, 17th, 2015, after the indictment and after Mr. Krapenc had taken over and stepped into the case.
>
> The plea offer that we extended, Your Honor, would have allowed the defendant to plead guilty to the lesser-included offense of conspiracy to possess with intent to distribute cocaine. There would have been no mandatory minimum penalty had he accepted the plea offer. His maximum penalty would have been up to 20 years in prison; again, no mandatory minimum; a fine of up to $1 million, supervised release – the term would be three years up to life, and a special assessment of $100.
>
> Again . . . that plea offer took the mandatory minimum penalty off the table. If the defendant would have accepted the plea, he would have been eligible for the safety valve, and the plea offer also left open the possibility of the defendant cooperating and receiving an additional reduction to his sentence.
>
> It's the government's understanding that that plea offer was rejected[.]

(*Transcript*, ECF No. 59, PAGEID # 433-35.) In the presence of the Petitioner, defense counsel indicated that he had discussed the terms of the government's plea offer with the Petitioner "at length, including a guideline calculation . . . of where these things would end up" and that the Petitioner chose not to accept the plea offer. (PAGEID # 435.) The Court then inquired of the Petitioner as to whether Mr. Krapenc had explained to him the potential plea and the resulting potential penalty that the government had extended on a plea-bargain basis. (*Id*.) Petitioner indicated that he had, that Petitioner understood the terms of the plea offer, exactly as explained by the prosecutor, and that he chose not to accept the plea offer. (PAGEID # 435-36.)

    COURT: And that is the same position you hold today, also, right?

    DEFENDANT: Yes.

(PAGEID # 436.)

Notwithstanding the foregoing, Petitioner alleges that he wanted to accept the government's plea offer, but his attorney improperly advised him against doing so and told Petitioner that he could obtain a dismissal of the charges by proceeding to trial. As a result, Petitioner contends, he is serving a substantially lengthier sentence than he would have had he entered a guilty plea as he wanted to do. Thus, Petitioner has raised allegations which, if true, may warrant relief. Further, determination of the issue necessarily involves resolution of a factual dispute. Therefore, the undersigned **RECOMMENDS** that counsel be appointed on Petitioner's behalf to represent him at an evidentiary hearing on this claim.

Petitioner also claims that his attorney caused him to forfeit his right to an appeal, and improperly advised him that if he filed an appeal it would result in a greater sentence. (*See Motion to Vacate under 28 U.S.C. § 2255,* ECF No. 67, PAGEID # 1218; *Supplemental Memorandum Supporting Motion to Vacate under 28 U.S.C. § 2255,* ECF No. 72, PAGEID # 1232.)

The failure of an attorney to file a timely appeal after being requested to do so by a defendant constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v.v Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988).

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Petitioner does not, however, allege that he instructed his attorney to file an appeal. Rather, Petitioner maintains that he forfeited his right to appeal because his attorney failed to

9

advise him regarding his appellate rights and told him that if he filed an appeal, he might receive a more severe sentence.

Where a defendant has not conveyed his wishes one way or another to counsel regarding the filing of an appeal, the United States Supreme Court has held:

> We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient . . . . For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," [*Strickland*], at 691, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.
>
> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See id*., at 690, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. at 479-80.

Here, the record reflects that the Court advised Petitioner of his right to appeal and that counsel was appointed who filed an appeal on Petitioner's behalf. (*Sentencing Transcript*, ECF No. 62, PAGEID # 1102.) Petitioner asserted on direct appeal that the evidence was insufficient to sustain his convictions. As discussed, on January 6, 2017, the Sixth Circuit rejected that argument and affirmed the Judgment of this Court. (*Order*, ECF No. 65.) Therefore, Petitioner cannot establish prejudice from his attorney's alleged failure to advise him regarding the right to an appeal, and this claim fails to provide a basis for relief.

**Recommended Disposition**

For the foregoing reasons, it is **RECOMMENDED** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel during plea negotiations and that Petitioner's remaining claim be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
