## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**OSVALDO ORTEGA-AMAYA,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Case No. 2:17-cv-345**
**Crim. No. 2:15-cr-061(2)**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

### OPINION AND ORDER

On June 4, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel during plea negotiations and that Petitioner's remaining claim be dismissed. (ECF No. 89.) Respondent has filed an *Objection* to that recommendation. (ECF No. 90.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Respondent's *Objection* (ECF No. 90) to the Magistrate Judge's recommendation that an evidentiary hearing be held on Petitioner's claim of the denial of the effective assistance of counsel during plea negotiations is **SUSTAINED**. The *Report and Recommendation* (ECF No. 89) is otherwise **ADOPTED** and **AFFIRMED**. Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (ECF No. 67) is **DISMISSED**.

The Court **GRANTS** the certificate of appealability on the issue of whether an evidentiary hearing should be held to resolve Petitioner's claim that he was denied the effective assistance of counsel during plea negotiations.

Petitioner challenges his conviction after a jury trial on conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession with the intent to distribute 500 grams or more of cocaine. On August 14, 2015, the Court sentenced him to 60 months imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed the *Judgment* of this Court. (*Order,* ECF No. 65.) Petitioner now asserts that he wanted to plead guilty but did not, because his attorney erroneously advised him that the government would be unable to prove the case against him, and he should proceed to trial. In view of an apparent factual dispute between Petitioner's allegations and the Affidavit provided by Petitioner's former defense counsel, the Magistrate Judge recommended that an evidentiary hearing be held to resolve the issue. Respondent objects to that recommendation. It is the position of the Respondent that Petitioner's allegations are patently incredible in view of the record already before the Court.

The Affidavit of Petitioner's former defense counsel, Attorney Robert F. Krapenc, indicates that counsel fully discussed with Petitioner the evidence against him and counseled Petitioner on the potential sentence he faced, including application of the sentencing guidelines, acceptance of responsibility, and the "safety valve," which would have permitted imposition of a sentence below the statutory maximum term. Defense counsel further represents that he discussed with Petitioner the terms of the government's plea, but that Petitioner insisted that he was innocent, wanted to exercise his right to a jury trial, and did not want to enter a guilty plea. (*Affidavit*, ECF No. 88-4, PAGEID # 1307.)

Consistent with Defense counsel's affidavit, the transcript reflects that Petitioner chose to reject the plea offer. Prior to the start of trial, the prosecutor summarized the status of plea negotiations, indicating that Petitioner had been indicted on two counts of conspiracy to possess with intent to distribute more than 500 grams of cocaine and one count of possession with intent

to distribute more than 500 grams of cocaine and that he faced a mandatory minimum term of five years in prison on each of those counts. The United States had extended a plea offer to Petitioner's prior attorney, and on March 17, 2015, had re-extended the same offer to Defense counsel Attorney Krapenc. The at-issue plea offer permitted Petitioner to plead guilty to the lesser-included offense of conspiracy to possess with intent to distribute cocaine, which carries no mandatory minimum penalty. The maximum penalty would have been up to twenty years in prison, plus three years to life supervised release, and a fine of up to $1 million. (PAGEID # 434.) The prosecutor clarified:

> Again . . . that plea offer took the mandatory minimum penalty off the table. If the defendant would have accepted the plea, he would have been eligible for the safety valve, and the plea offer also left open the possibility of the defendant cooperating and receiving an additional reduction to his sentence.
>
> It's the government's understanding that that plea offer was rejected, and it has been withdrawn.

(*Transcript*, ECF No. 59, PAGEID # 434-35.) Petitioner and his attorney confirmed the accuracy of the prosecutor's representations regarding the status of plea negotiations and his rejection of the plea offer:

> COURT: Mr. Krapenc, did Mr. Martinez correctly summarize the . . . plea negotiation that was extended to the defendant?
>
> MR. KRAPENC: He did, Your Honor.
>
> COURT: And did you then . . . discuss that, with your client?
>
> MR. KRAPENC: We discussed it at length, including a guideline calculation, maybe somewhat of a prediction, of where these things would end up. Yes, we discussed that.
>
> COURT: Good. And he chose not to accept it?
>
> MR. KRAPENC: That is correct.
>
> COURT: Thank you.

3

*　　　*　　　*

COURT: Mr. Ortega-Amaya, did Mr. Krapenc explain to you the potential plea and the resulting potential penalty that the government had extended on a plea-bargain basis?

DEFENDANT: Yes, he did.

COURT: And did you understand it?

DEFENDANT: Yes, sir.

COURT: And was it exactly what Mr. Martinez just said?

DEFENDANT: Yes.

COURT: And you chose not to accept it; is that correct?

DEFENDANT: That's correct.

COURT: And that is the same position you hold today, also, right?

DEFENDANT: Yes.

(PAGEID # 435-36.)

No evidentiary hearing is required where, as here, the record conclusively shows that the petitioner is not entitled to relief. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The foregoing transcript excerpts demonstrate that Defense counsel advised Petitioner of the government's plea offer and the potential sentencing ramifications Petitioner faced, but that Petitioner rejected that offer, after being fully informed, and chose to exercise his right to a jury trial. In view of this record, the Court declines to credit Petitioner's contradictory self-serving allegations that he did not want a trial and that it was his attorney's fault that he did not enter a guilty plea. Petitioner has failed to establish that, but for the deficient performance of his attorney, there exists a reasonable probability that he would have pleaded guilty. *See Humphress v. United States,* 398 F.3d 855, 859 (6th Cir. 2005); *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

4

Therefore, Respondent's *Objection* (ECF No. 90) to the Magistrate Judge's recommendation that an evidentiary hearing be held on Petitioner's claim of the denial of the effective assistance of counsel during plea negotiations is **SUSTAINED**. The *Report and Recommendation* (ECF No. 89) is otherwise **ADOPTED** and **AFFIRMED**. Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (ECF No. 67) is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is persuaded that reasonable jurists could debate whether an evidentiary hearing is warranted to resolve Petitioner's claim that he was denied the effective assistance of counsel during plea negotiations.  Therefore, the Court **GRANTS** the certificate of appealability on the following issue:

> Should an evidentiary hearing be held to resolve Petitioner's claim that he was denied the effective assistance of counsel during plea negotiations?

**IT IS SO ORDERED.**

7 -17- 2018
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**